SHOOK HARDY & BACON L.L.P.
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281

SHOOK HARDY & BACON L.L.P.
STEVEN D. SODEN (admitted *pro hac vice*)
ssoden@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547

*Attorneys for Defendant*
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS
(also improperly named as Diamond Pet Foods Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN E. GROSSMAN, and RICHARD DAVID CLASSICK, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC.,<br><br>Defendants. | Case No. 2:18-cv-02344-JAM-AC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: February 5, 2019<br>Time: 1:30 p.m.<br>Dept: Courtroom 6<br><br>Complaint Filed:<br>August 28, 2018<br><br>First Amended Complaint Filed:<br>September 5, 2018<br><br>Second Amended Complaint Filed:<br>October 18, 2018 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 5, 2019, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 6, of the U.S. District Court located at 501 I Street, Sacramento, CA 95814, Schell & Kampeter, Inc. d/b/a Diamond Pet Foods (also improperly named as Diamond Pet Foods Inc.) will and hereby does move the Court for an order dismissing Plaintiffs' Second Amended Class Action Complaint (ECF Doc. 9) with prejudice.

This Motion is made pursuant to Rule 12(b)(2) and 12(b)(6) on the grounds that: (1) choice-of-law issues preclude a nationwide class; (2) this Court does not have personal jurisdiction over out-of-state claims; (3) the California fraud-based claims fail because Plaintiffs have not adequately pled them; (4) the express-warranty claim fails because Plaintiffs have not alleged any statements specific enough to create express warranties; (5) the implied-warranty claim fails because Plaintiffs have not alleged facts showing the products are unfit for their ordinary purpose, nor have they alleged privity as California law requires; and (6) Plaintiffs allege no basis for equitable relief.

This Motion is made following the conference of counsel pursuant to the Court's standing order which took place on November 12, 2018.

The Motion is based on this Notice, the Memorandum of Points and Authorities, the pleadings and documents on file, and such other evidence and argument as may be presented at the hearing on this Motion.

Dated November 20, 2018

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _/s/ Amir Nassihi_____
    AMIR NASSIHI

Attorneys for Defendant
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS
(also improperly named as Diamond Pet
Foods Inc.)

SHOOK HARDY & BACON L.L.P.
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281

SHOOK HARDY & BACON L.L.P.
STEVEN D. SODEN (admitted *pro hac vice*)
ssoden@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547

*Attorneys for Defendant*
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS
(also improperly named as Diamond Pet Foods Inc.)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN E. GROSSMAN, and RICHARD DAVID CLASSICK, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC.,<br><br>Defendants. | Case No. 2:18-cv-02344-JAM-AC<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: February 5, 2019<br>Time: 1:30 p.m.<br>Dept: Courtroom 6<br><br>Complaint Filed:<br>August 28, 2018<br><br>First Amended Complaint Filed:<br>September 5, 2018<br><br>Second Amended Complaint Filed:<br>October 18, 2018 |

420804 v

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTS ALLEGED .................................................................................................... 2

LEGAL STANDARDS ............................................................................................. 3

ARGUMENT ............................................................................................................. 3

I.  Plaintiffs cannot pursue a "nationwide class action" under California law. ...................... 3

    A.  Choice-of-law issues preclude a nationwide class. .................................. 3

    B.  This Court does not have personal jurisdiction for purposes of out-of-state claims such as Grossman's claims here. .......................... 6

II.  Plaintiffs have not adequately pleaded their fraud-based claims. ...................... 7

    A.  Plaintiffs have not pleaded affirmative-misrepresentation claims. ........................ 8

    B.  Plaintiffs have also failed to adequately plead a fraud-by-omission claim. .......... 9

III.  Plaintiffs' express-warranty claims fail. .................................... 11

IV.  Plaintiffs' implied-warranty claims fail. .................................... 12

    A.  The implied-warranty claim is barred for lack of privity. .................................. 12

    B.  Plaintiffs fail to allege the dog food is not fit for its ordinary purpose. ................ 13

V.  Plaintiffs have not alleged any basis for equitable relief. ................................. 13

CONCLUSION ........................................................................................................ 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997)................................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)................................................................................................3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
 874 F.3d 1064 (9th Cir. 2017) ...............................................................................3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)................................................................................................3

*Birdsong v. Apple, Inc.*,
 590 F.3d 955 (9th Cir. 2009) ...............................................................................13

*Bristol-Myers Squibb Co. v. Superior Court*,
 137 S. Ct. 1773 (2017).........................................................................................6, 7

*Cahen v. Toyota Motor Corp.*,
 147 F. Supp. 3d 955, 964 (N.D. Cal. 2015) ..........................................................6

*Clemens v. Daimler Chrysler Corp.*,
 534 F.3d 1017 (9th Cir. 2008) .........................................................................12, 13

*Cover v. Windsor Surry Co.*,
 No. 14-05262, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ..............................4, 5

*Crystal Springs Upland School v. Fieldturf USA, Inc.*,
 219 F. Supp. 3d 962 (N.D. Cal. 2016) .................................................................11

*Daimler AG v. Bauman*,
 571 U.S. 117 (2015)..............................................................................................3, 6

*Darisse v. Nest Labs, Inc.*,
 No. 5:14-01363, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) .........................4, 5

*Davidson v. Kimberly-Clark*,
 889 F.3d 956 (9th Cir. 2018) ...............................................................................14

*DeMaria v. Nissan N. Am., Inc.*,
 No. 15C3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016.)....................................7

*Demedicis v. CVS Health Corp.*,
 No. 16-cv-5973, 2017 WL 569157 (N.D. Ill. Feb. 13, 2017) ..............................7

*Deras v. Volkswagen Group of Am., Inc.*,
  Case No. 17-cv-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ...............................10

*Ferrari v. Mercedes Benz USA, LLC*,
  No. 17-CV-00018-YGR, 2017 WL 3115198 (N.D. Cal. July 21, 2017).........................................7

*Fonseca v. Goya Foods, Inc.*,
  No. 14-02989, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ....................................................13

*Fraker v. KFC Corp.*,
  No. 06-CV-01284, 2007 WL 1296571 (S.D. Cal. Apr. 30, 2007)................................................9

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ...........................................................................................5

*Glenn v. Hyundai Moto Am.*,
  No. 15-2052, 2016 WL 3621280 (C.D. Cal. June 24, 2016) ...............................................4, 5

*Gonzales v. Uber Tech., Inc.*,
  No. 17-cv-02264-JSC, 2018 WL 3068248 (N.D. Cal. June 21, 2018).........................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)......................................................................................................................6

*Grassi v. Int'l Comfort Products, LLC*,
  Case No. 1:15-cv-00253-JAM, 2015 WL 4879410 (E.D. Cal. Aug. 14, 2015) ...........................9

*H.L. v. Wal-Mart Stores, Inc.*,
  No. 15-1056, 2015 WL 12743600 (C.D. Cal. Sept. 9, 2015) ....................................................12

*Hodson v. Mars, Inc.*,
  891 F.3d 857 (9th Cir. 2018) .......................................................................................................9

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
  801 F. Supp. 2d 993 (S.D. Cal. 2011).........................................................................................8

*In re Seagate Tech. LLC Litig.*,
  233 F. Supp. 3d 776 (N.D. Cal. 2017) ......................................................................................12

*Jinright v. Johnson & Johnson, Inc.*,
  No. 4:17CV01849 ERW, 2017 WL 3731317 (E.D. Mo. Aug. 30, 2017) ....................................7

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ......................................................................................5

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................................7, 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) .............................................................................................................13

*Lanovaz v. Twinings N. Am., Inc.*,
  726 F. App'x 590 (9th Cir. June 4, 2018) ...................................................................14

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
  No. 2:12-cv-02182, 2016 WL 829210 (E.D. Cal. Mar. 3, 2016) ...................................11

*Mazza v. American Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) .............................................................................3, 4, 5

*McKinney v. Google, Inc.*,
  No. 5:10-cv-01177, 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ..............................11

*Mollicone v. Universal Handicraft, Inc.*,
  No. 2:16-07322, 2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .........................................5

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ......................................................................................................13

*Morales v. Unilever U.S., Inc.*,
  Case No. 2:13-2213 WBS, 2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) .......................5

*Pebble Beach Co. v. Caddy*,
  452 F.3d 1151 (9th Cir. 2006) ........................................................................................3

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) ......................................................................................14

*Philips v. Ford Motor Co.*,
  726 F. App'x 608 (9th Cir. 2018) ..................................................................................13

*Reitman v. Champion Petfoods USA, Inc.*,
  No. 2:18-cv-01736-DOC, slip op. (C.D. Cal. Oct. 10, 2018) ........................................7

*Resnick v. Hyundai Motor Am., Inc.*,
  No. CV1600593BROPJWX, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................10

*Rice v. Sunbeam Prods., Inc.*,
  No. CV 12-7923-CAS, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ..............................11

*Robinson Helicopter Co. v. Dana Corp.*
  34 Cal.4th 979 (2004) ...................................................................................................11

*Rossi v. Whirlpool Corp.*,
  No. CV-125-JAM-JFM, 2013 WL 1312105 (E.D. Cal. Mar. 28, 2013) .......................11

*Route v. Mead Johnson Nutrition Co.*,
  No. 12-7350, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013) .............................................5

*Rubenstein v. The Gap, Inc.*,
  14 Cal. App. 5th 870 (2017) .........................................................................................10

*Steward v. Electrolux Home Products Inc.*,
   Case No. 1:17-cv-01213, 2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) ..................................9

*Svenson v. Google, Inc.*,
   No. 13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) .............................3

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660, 2013 WL 3157918 (N.D. Cal. June 20, 2013) ....................................10

*Tasion Communications, Inc. v. Ubiquiti Networks, Inc.*,
   308 F.R.D. 630 (N.D. Cal. 2015)..................................................................................5

*Thomas v. Costco Wholesale Corp.*,
   No. 12-cv-02908, 2014 WL 5872808 (N.D. Cal. Nov. 12, 2014) ...............................13

*Van Mourik v. Big Heart Pet Brands, Inc.*,
   No. 3:17-03889, 2018 WL 1116715 (N.D. Cal. Mar. 1, 2018) ................................4, 5

*Victorino v. FCA US LLC*,
   2018 WL 2967062 (S.D. Cal. June 13, 2018)..............................................................5

*Vitt v. Apple Computer, Inc.*,
   469 Fed. App'x. 605 (9th Cir. 2012) ...........................................................................9

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ..................................................................................10

*Zeiger v. Wellpet LLC*,
   304 F. Supp. 3d 837 (N.D. Cal. 2018) ................................................4, 5, 10, 11, 12

**Rules**

Fed. R. Civ. P. 8..................................................................................................1, 2, 3

Fed. R. Civ. P. 9(b) .............................................................................................7, 8, 9

Fed. R. Civ. P. 12(b)(6).............................................................................................3

Fed. R. Civ. P. 23......................................................................................................7

**INTRODUCTION**

Plaintiffs allege Diamond Pet Foods sold them dog food that, according to Plaintiffs, may contain some amount of heavy metals, pesticides, acrylamide, and/or bisphenol A (BPA). Plaintiffs cite test results from an unknown source allegedly showing the levels of these substances in a sample of Diamond's dog food, but they provide no details and no context. Plaintiffs sometimes imply that the levels involved indicate the food is unsafe—though their own dogs ate it for years with no ill effects—but at other times suggest even trace amounts would justify a claim because they expected the food to be literally "pure." Regardless, their Second Amended Complaint fails to state a claim.

First, Plaintiffs improperly seek to apply California law to the claims of a "nationwide" class. To begin with, under the Ninth Circuit's decision in *Mazza v. American Honda*, one state's law cannot be applied "nationwide" in cases like this one. Rather, each of the 50 states has its own compelling interest in applying its law to the claims of its resident consumers. As a result, the California plaintiff, Mr. Classick, could at best represent a class of other California plaintiffs asserting California claims. The other named plaintiff, Mr. Grossman, could possibly seek to represent a class of other Pennsylvania plaintiffs asserting Pennsylvania claims—except that here those claims have no connection to California, and so California cannot assert personal jurisdiction over Diamond as to them. The Court should dismiss all but the California claims for this reason.

Second, the California fraud-based claims fail because Plaintiffs have not complied with Rules 8 or 9(b). The only affirmative representations they identify are at most no more than puffery, and they have failed to allege any claim based on an omission partly because the complaint is silent as to when Diamond supposedly knew about what Plaintiffs call the "contamination."

Third, the express-warranty claim fails for the similar reason that Plaintiffs have not alleged any statements specific enough to create express warranties.

Fourth, the implied-warranty claim fails because Plaintiffs have not alleged facts showing the dog food is unfit for its ordinary purpose, nor have they alleged privity as California law requires.

Finally, Plaintiffs allege no basis for equitable relief, partly because they have alleged no facts showing that their legal remedies would be inadequate, assuming those legal claims were successful. For that reason, too, the Court should grant Diamond's motion.

**FACTS ALLEGED**

Defendant Schell & Kampeter, Inc., d/b/a Diamond Pet Foods ("Diamond")[1] is a Missouri corporation, headquartered in Missouri, that manufactures, markets and sells dog food under the brand name Taste of the Wild® throughout the United States. SAC ¶¶ 22, 25. (Plaintiffs have also sued "Diamond Pet Foods, Inc.," which they allege is a wholly owned subsidiary of Schell & Kampeter, but there is no such company.) Plaintiffs allege, among other things, that Diamond markets its dog food as akin to what "nature intended" animals to eat in the wild, and formulated "based on your pet's ancestral diet" with ingredients that provide "optimal health and vitality," supporting "optimal cellular health" and "overall good health." *Id.* ¶ 35. They claim that Diamond's marketing is misleading because of the presence of some level of heavy metals, pesticides, acrylamide and/or BPA in three of its dog food products. *Id.* ¶ 46.

Plaintiffs reproduce a chart listing certain levels of one or more of these substances allegedly found in some sample of "the specific product *types*" Plaintiffs bought, but do not allege that the sample came from a product either plaintiff actually bought. SAC ¶ 47 (emphasis added). Plaintiffs also fail to allege when this testing was done, how it was done, or who did it. *Id.* They claim twice that Diamond knew about the "contaminants" because it was put on notice by the "Clean Label Project," but allege no other facts about this, including what the "Clean Label Project" might be or when or how Diamond might have received any such notice. *Id.* ¶¶ 102, 175.

One of the two named plaintiffs, Martin Grossman, is a Pennsylvania citizen. SAC ¶ 18. He allegedly bought Taste of the Wild® Grain Free Pacific Stream Canine Formula Smoked Salmon Dry Dog Food from Chewy.com and Braxton's Dog Works between 2012 and 2015. *Id.* He claims to have seen "the nutritional claims and labels on the packaging and on the Chewy.com website," but does not say which ones. *Id.* Though he alleges he fed Diamond's product to his dogs for four years, Grossman does not allege that either dog suffered any injuries. *Id.* at ¶¶ 18–19. He alleges only that he was unaware the food contained "any level" of the named substances, and that otherwise he would not have purchased it or would not have paid as much for it. *Id.* at ¶ 19.

---

[1] Schell & Kampeter, Inc. d/b/a Diamond Pet Foods was also improperly named as Diamond Pet Foods Inc.

The other named plaintiff, Richard Classick, Jr., is a California citizen. SAC ¶ 20. He allegedly bought Taste of the Wild® Grain Free High Prairie Canine Formula Roasted Bison and Roasted Venison Dry Dog Food from Amazon.com between 2017 and 2018. *Id*. His allegations are otherwise identical to Grossman's. *Id*. at ¶¶ 20–21.

## LEGAL STANDARDS

Plaintiffs bear the burden of establishing personal jurisdiction. *Pebble Beach Co. v. Caddy*, 452 F.3d 1151, 1154 (9th Cir. 2006). There are two kinds of personal jurisdiction over a non-resident: (1) general (or "all-purpose") jurisdiction, which arises when a defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State,'" and (2) specific (or conduct-linked) jurisdiction, which arises when the claim "arises out of or relates to" the defendant's specific contacts with the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 122, 127 (2015). The specific-jurisdiction analysis "focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017).

To survive a Rule 12(b)(6) motion, a complaint must allege facts setting forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, blanket assertions, and recitations of a claim's legal elements are not "facts" and need not be accepted as true. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. It is not enough to allege facts "merely consistent with" liability. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. The facts must show a viable claim without speculation. *Svenson v. Google, Inc.,* No. 13-cv-04080-BLF, 2015 WL 1503429, *2 (N.D. Cal. Apr. 1, 2015).

## ARGUMENT

### I.     Plaintiffs cannot pursue a "nationwide class action" under California law.

#### A.     Choice-of-law issues preclude a nationwide class.

As the Ninth Circuit has held, each class member's claim is governed by the "laws of the jurisdiction in which the transaction took place." *Mazza v. American Honda Motor Co*., 666 F.3d 581, 594 (9th Cir. 2012). In *Mazza*, plaintiffs from Florida and Maryland filed a nationwide class action against Honda in California federal court, asserting CLRA, UCL, and unjust-enrichment

claims. *Id*. at 585–86. They argued California law could be applied to the claims of all class members nationwide because Honda and some potential class members were located in California. *Id*. at 590, 593–94. The Ninth Circuit rejected that argument. *Id*. at 585, 589–94. Instead, it held "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place"—in other words, the state where each class member bought the vehicle. *Id*. at 594.

The Ninth Circuit explained that "California law may only be used on a classwide basis if the interests of other states are not found to outweigh California's interest in having its law applied." *Mazza* at 590. A three-step governmental-interest test governs that analysis. *Id*. First, the court determines whether there are any differences in the laws that are potentially applicable to the dispute. *Id*. If so, the court must then assess whether those differences are material such that a real conflict exists. *Id*. at 590–91. Finally, if the potential laws are materially different, then the court must evaluate the relative interest of each jurisdiction in having its law applied. *Id*. at 590, 592-94.

As *Mazza* held and later cases have reiterated, there are material differences among the various state consumer-protection statutes. *Id*. at 590-91; *Zeiger v. Wellpet LLC*, 304 F. Supp. 3d 837, 847 (N.D. Cal. 2018); *Van Mourik v. Big Heart Pet Brands, Inc*., No. 3:17-03889, 2018 WL 1116715, at *3 (N.D. Cal. Mar. 1, 2018), *Darisse v. Nest Labs, Inc*., No. 5:14-01363, 2016 WL 4385849, at *7–15 (N.D. Cal. Aug. 15, 2016); *Glenn v. Hyundai Moto Am*., No. 15-2052, 2016 WL 3621280, at *6–8 (C.D. Cal. June 24, 2016); *Cover v. Windsor Surry Co*., No. 14-05262, 2016 WL 520991, at *6–7 (N.D. Cal. Feb. 10, 2016); *see also* App'x A (setting forth differences in state consumer-protection statutes). The Ninth Circuit also held that each consumer's home state would have a greater interest than California in applying its laws to transactions occurring in those states. *Mazza*, 666 F.3d at 594. Moreover, the court pointed out, "with respect to regulating or affecting conduct within [state] borders, the place of the wrong has the predominant interest." *Id*. at 593. The "place of the wrong" is "the state where the last event necessary to make the actor liable occurred." *Id*. Therefore, the court held, California law could not be applied "nationwide," despite Honda's own significant contacts with the state.

Here, like Mr. Grossman, the vast majority of the putative "nationwide class" members live in other states, bought pet food in other states, and were allegedly damaged in other states. Those states—not California—are the places where the wrong, if any, was done to them. *Mazza*, 666 F.3d at 593-94. And those states—not California—have the most significant interest in protecting their resident consumers. Indeed, the *Mazza* court reached this conclusion even though Honda was headquartered in California, the advertisements were produced in California, and one-fifth of all proposed class members were California residents. *Mazza*, 666 F.3d at 590, 594. None of that is true here. California simply has no interest in applying its law to a claim by (for example) a Pennsylvania plaintiff who alleges harm in Pennsylvania due to buying a product marketed by a Missouri company.

For similar reasons, numerous courts have held that warranty claims are likewise governed by the law of the state of purchase. *See, e.g.*, *Victorino v. FCA US LLC*, 2018 WL 2967062, at *9–11 (S.D. Cal. June 13, 2018); *Darisse*, 2016 WL 4385849, at *9, 11–12; *Tasion Communications, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 633–38 (N.D. Cal. 2015); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007–09 (N.D. Cal. 2014); *Route v. Mead Johnson Nutrition Co.,* No. 12-7350, 2013 WL 658251, at *7–9 (C.D. Cal. Feb. 21, 2013). As these courts have recognized, state warranty laws also vary significantly. *See, e.g.*, *Darisse* at *11–13 (collecting cases); App'x B (setting forth differences in state warranty laws). California law cannot simply be applied across the board.

Finally, while *Mazza* involved a class-certification order, many courts have granted motions to dismiss or strike "nationwide" claims based on its analysis. *See, e.g.*, *Zeiger*, 304 F. Supp. 3d at 847 (holding that "*Mazza* is not only relevant but controlling, even at the pleading stage"; dismissing "nationwide" claims); *Van Mourik*, 2018 WL 1116715, at *1-4 (also applying *Mazza* at pleading stage); *Glenn*, 2016 WL 3621280, at *10 (same); *Cover*, 2016 WL 520991, at *8 (same). They have also held that a named plaintiff from one state lacks standing to assert claims on behalf of consumers from another. *See, e.g.*, *Johnson v. Nissan N. Am., Inc*., 272 F. Supp. 3d 1168, 1174-76 (N.D. Cal. 2017) (citing cases); *Mollicone v. Universal Handicraft, Inc.*, No. 2:16-07322, 2017 WL 440257, at *9-10 (C.D. Cal. Jan. 30, 2017) (same; finding "the majority of courts to consider this question" have so held); *Morales v. Unilever U.S., Inc.,* Case No. 2:13-2213 WBS, 2014 WL 1389613, at *5–6

(E.D. Cal. Apr. 9, 2014) (same holding). The end result, therefore, is that each named plaintiff (or set of plaintiffs) may seek to represent a class of consumers from the relevant state(s), and only those state(s)—here, California and Pennsylvania.

**B.      This Court does not have personal jurisdiction for purposes of out-of-state claims such as Grossman's claims here.**

Under the circumstances here, however, the Pennsylvania claims cannot proceed. Grossman is a Pennsylvania resident who allegedly suffered harm in Pennsylvania due to the actions of a Missouri corporation. SAC ¶ 18. He cannot show that Diamond is subject to personal jurisdiction in California for purposes of those claims.

First, Diamond is not subject to general jurisdiction in California. A court has general (or "all-purpose") jurisdiction over a defendant in a forum where the defendant is "essentially at home." *Daimler*, 571 U.S. at 122. For a corporate defendant, that means either the state of incorporation or the principal place of business. *Id*. at 137. While the Supreme Court has not ruled out the exercise of general jurisdiction over a corporation in some other forum, it made clear in *Daimler* itself that simply conducting business in a forum, directly or through a subsidiary, could not be enough. *Id*. at 137–39. Here, Diamond is a Missouri corporation headquartered in Missouri. SAC ¶¶ 22-23. Plaintiffs allege that Diamond operates two of its four manufacturing plants in California (*id*. at ¶ 24), but as *Daimler* and other cases show, that is hardly enough to establish general jurisdiction here. *See, e.g.*, *Daimler* at 138–39 (holding that even attributing in-state subsidiary's contacts to parent would not subject it to general jurisdiction); *Cahen v. Toyota Motor Corp*., 147 F. Supp. 3d 955, 964 (N.D. Cal. 2015) (holding that Ford's operation of research center and assembly plant in California did not subject it to general jurisdiction).

Second, a court in California also lacks specific jurisdiction for purposes of claims like Grossman's. In order for a court to exercise specific jurisdiction over a claim, there must be a link between that claim and the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). Apart from that link, the extent of a defendant's unconnected activities in the state is irrelevant. *Id*.; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction

over a claim unrelated to those sales."). In *Bristol-Myers*, the Court held that California courts could not claim specific jurisdiction over claims by plaintiffs who were "not California residents and [did] not claim to have suffered harm in that State." *Bristol-Myers* at 1782. The mere fact that they had joined with *other* plaintiffs who *did* meet those criteria did not change the result. *Id.* at 1781–82. The same is true here. If Grossman had sued alone, there would be little question that his claims should be dismissed for lack of jurisdiction. Teaming up with Classick changes nothing. *See, e.g.*, *Reitman v. Champion Petfoods USA, Inc.*, No. 2:18-cv-01736-DOC, slip op. at 4–10 (C.D. Cal. Oct. 10, 2018) (holding in similar case that court had no jurisdiction over non-residents' claims); *Jinright v. Johnson & Johnson, Inc.*, No. 4:17CV01849 ERW, 2017 WL 3731317, at *3-5 (E.D. Mo. Aug. 30, 2017) (holding *Bristol-Myers* required dismissal of non-residents' claims); *Ferrari v. Mercedes Benz USA, LLC*, No. 17-CV-00018-YGR, 2017 WL 3115198, at *3 (N.D. Cal. July 21, 2017) (same).

It is true that, as discussed in *Reitman*, some courts have refused to apply *Bristol-Myers* on the grounds that it involved a "mass action" in state court, not a class action in federal court. Those courts are wrong. For one thing, the rules of personal jurisdiction are based on due process, which obviously applies with equal force in federal court. Nor could Rule 23 make any difference, because under the Rules Enabling Act, a rule of procedure cannot "abridge, enlarge, or modify" any substantive right. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997) (quoting 28 U.S.C. § 2072(b)). Consistent with *Bristol-Myers*, therefore, if there is no personal jurisdiction over one plaintiff's claim, that plaintiff cannot change the result just by joining up with others. *See, e.g.*, *Reitman*, slip op. at 4–10 (citing cases); *see also, e.g.*, *Demedicis v. CVS Health Corp.*, No. 16-cv-5973, 2017 WL 569157, at *3-5 (N.D. Ill. Feb. 13, 2017); *DeMaria v. Nissan N. Am., Inc.,* No. 15C3321, 2016 WL 374145, at *6-8 (N.D. Ill. Feb. 1, 2016.). In short, Plaintiffs cannot assert claims under California law on behalf of a "nationwide class." At best, Mr. Classick can try to assert claims under California law on behalf of a California class. The Court should dismiss all other claims.

## II. Plaintiffs have not adequately pleaded their fraud-based claims.

Plaintiffs have not stated a claim under California law in any event. To begin with, their fraud and consumer-protection claims (under the CLRA, FAL, UCL, and the common-law claim for negligent misrepresentation) are not pleaded with particularity as required by Rule 9(b). *Kearns v.*

*Ford Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009) (holding that Rule 9(b) applies to any claim that "sounds in fraud," including fraud claims that may be labeled as unfair- or unlawful-practice claims under the UCL).

### A. Plaintiffs have not pleaded affirmative-misrepresentation claims.

Though Plaintiffs identify a variety of representations allegedly made by Diamond in various places, they never specify which of these they allegedly saw or relied upon. Classick, for example, alleges only that "[p]rior to purchasing the Contaminated Dog Foods, Plaintiff Classick Jr. saw the nutritional claims and labels on the packaging and on the Amazon.com website, which he relied on in deciding to purchase the Contaminated Dog Foods." SAC ¶ 20. That provides the "who," but not the "what, where, when, and how" required by Rule 9(b). *Kearns*, 567 F.3d at 1126; *see In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1006-07 (S.D. Cal. 2011) (holding complaint did not satisfy Rule 9(b) because plaintiffs only alleged generally that they were "exposed to" claims and labels but did not "specify which of the advertising claims each Plaintiff saw or read"). Grossman's allegations are nearly identical, and just as conclusory. SAC ¶ 18. Neither plaintiff appears to be alleging reliance on the representations they quote from Diamond's website (*e.g.*, *id.* ¶¶ 37, 44, and possibly others), but beyond that their allegations reveal nothing.[2]

One example seems especially relevant given Plaintiffs' apparent claim that they expected the product to be completely free of the listed substances because they believed it would be "pure." Grossman includes the word "pure" in his two paragraphs, (*see* SAC ¶ 19), but he does not allege where he saw Diamond make this representation, if he did. Nor do Plaintiffs ever identify a representation by Diamond that the product would be "pure." The words "purity" and "purification" do appear in the complaint, but both representations stated only that one of the ingredients, the "K-9 Strain probiotics," were subject to purification procedures. *Id.* ¶ 35, 42. If either plaintiff relied on those particular representations (or any others, for that matter), they have not alleged it in the SAC with the detail Rule 9(b) requires.

---

[2] For that matter, early in the SAC Plaintiffs define the "Marketing" or "Claims" at issue as all of Diamond's "promises, warranties, pricing, statements, claims, packaging, labeling, marketing, and advertising," collectively, and many of their other allegations refer back to this collective definition. SAC ¶ 4; *see id.* ¶¶ 5, 12, 14, 29, 38, 40–44, 48, 49, 51. Rule 9(b) obviously does not permit that.

Beyond that, many of the representations Plaintiffs quote are not actionable because they are no more than statements of opinion or mere "puffery," not facts. "[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Vitt v. Apple Computer, Inc.*, 469 Fed. App'x. 605, 607 (9th Cir. 2012). Subjective or generalized opinions about product attributes are not actionable. *Id.* For example, assertions that a product offers "the best nutrition available today" or provides "the balanced diet that nature intended" (SAC ¶¶ 32–34, 36) are not actionable misrepresentations of fact. *See Steward v. Electrolux Home Products Inc.*, Case No. 1:17-cv-01213, 2018 WL 1784273, at *10 (E.D. Cal. Apr. 13, 2018) (holding that statements of product superiority such as "faster, more powerful, and more innovative, higher performance, and having a longer battery life" were nonactionable puffery"); *Grassi v. Int'l Comfort Products, LLC*, Case No. 1:15-cv-00253-JAM, 2015 WL 4879410, at *6 (E.D. Cal. Aug. 14, 2015) (same as to statement that product was "manufactured to some of the industry's toughest standards"); *Fraker v. KFC Corp.*, No. 06-CV-01284, 2007 WL 1296571, at *3 (S.D. Cal. Apr. 30, 2007) (finding "highest quality ingredients," "balanced diet plan," "innovative recipes, and time-tested cooking methods," and "part of a sensible balanced diet" all non-actionable).

While the court in *Zeiger* reached a different result, that case is distinguishable. 304 F. Supp. 3d at 851. The court relied on cases finding that "statements concerning safety and quality assurances" were actionable, but those statements were more specific than those Plaintiffs cite here. *Id.* ("*all* natural" or "*most* stringent quality control tests"; emphasis added). And the defendant in *Zeiger* allegedly represented that their dog food products as a whole were "undoubtedly safe" and "pure," also more specific and measurable claims than Plaintiffs allege. *Id.* Plaintiffs' allegations here are closer to the ones this Court rejected in *Grassi*. Even if that were not the case, as noted above Plaintiffs simply provide no detail at all about which representations if any *they* saw and relied upon. Rule 9(b) requires much more.

**B.    Plaintiffs have also failed to adequately plead a fraud-by-omission claim.**

An alleged omission is not actionable unless it was "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Hodson v.*

*Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). More specifically, under California law a defendant may have a duty to disclose if (1) it made partial representations that left out material facts; (2) was in a fiduciary relationship with the plaintiff; (3) actively concealed a material fact from the plaintiff; or (4) had exclusive or at least "superior" knowledge of material facts not known to the plaintiff at the time of sale. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 877 (2017). Here, as discussed above Plaintiffs have not pleaded any representations, partial or otherwise, with particularity. Nor do they allege a fiduciary relationship. As for "active concealment," that requires "affirmative acts of concealment; *e.g.*, that the defendant sought to suppress information in the public domain or obscure the consumer's ability to discover it." *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013). Plaintiffs do not plead any such acts. The issue, therefore, is whether the SAC alleges facts showing that at the time of sale, Diamond had superior knowledge of material facts that Plaintiffs did not know. *See, e.g.*, *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1145 (9th Cir. 2012) (holding among other things that plaintiff must allege facts showing knowledge at time of sale).

Far from it. Plaintiffs' only allegations about Diamond's knowledge are two vague suggestions that Diamond was "put on notice by the Clean Label Project." SAC ¶¶ 102, 175. But the SAC says nothing about the "Clean Label Project"—what it is, what it does, who runs it, what it supposedly gave Diamond notice of, or perhaps most importantly, *when* this allegedly happened. *Id*. Nor are there allegations of notice from any other source. There is not a single allegation anywhere in the complaint as to when Diamond was supposedly "on notice" of what Plaintiffs refer to as a "contamination." Courts have rejected far more detailed attempts to plead a defendant's knowledge at the time of sale. *See, e.g.*, *Deras v. Volkswagen Group of Am., Inc*., Case No. 17-cv-05452-JST, 2018 WL 2267448, at *5 (N.D. Cal. May 17, 2018) (holding general allegations regarding internal monitoring systems, quality control mechanisms, recalls, and complaints are insufficient to allege knowledge); *Resnick v. Hyundai Motor Am., Inc*., No. CV1600593BROPJWX, 2017 WL 1531192, at *14 (C.D. Cal. Apr. 13, 2017) (same).

In *Zeiger*, the court found the omission claims there were adequately pleaded, but again that case involved more specific allegations than Plaintiffs offer here. 304 F. Supp. 3d at 851–52. And

that court, in fact, rejected a similarly vague reference to the "Clean Label Project." *Id*. at 852. But it appears to have accepted more specific allegations such as the claim that WellPet "knew or should have known that higher temperatures coupled with the type of containers used ... create a real risk of significant levels of BPA in their products." *Id*. Diamond does not agree that those allegations would be sufficient, but Plaintiffs do not make them here. It also appears that *Zeiger* did not address the issue presented here of Plaintiffs' failure to allege knowledge at the time of sale. For that reason as well, the case is distinguishable.

Therefore, because Plaintiffs have not alleged a claim of affirmative misrepresentation or fraud by omission with particularity, the Court should dismiss their fraud claims.[3]

## III.    Plaintiffs' express-warranty claims fail.

For similar reasons, Plaintiffs have failed to state a claim for breach of express warranty. As this Court has held, such a claim requires allegations of "the *exact terms* of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes a plaintiff injury." *Rossi v. Whirlpool Corp*., No. CV-125-JAM-JFM, 2013 WL 1312105, at *2 (E.D. Cal. Mar. 28, 2013) (emphasis added). The alleged promise "must be specific and unequivocal." *Rice v. Sunbeam Prods., Inc*., No. CV 12-7923-CAS, 2013 WL 146270, at *11 (C.D. Cal. Jan. 7, 2013). "General assertions about representations or impressions given by Defendants … are not equivalent to a recitation of the exact terms of the underlying warranty." *McKinney v. Google, Inc*., No. 5:10-cv-01177, 2011 WL 3862120, at *4 (N.D. Cal. Aug. 30, 2011). Plaintiffs will likely point out that the *Zeiger* court held that WellPet's statements were specific enough to create express warranties, but for the same reasons discussed above, the statements involved there are distinguishable. *See* 304 F. Supp. 3d at 853 (holding promises of "unrivaled quality standards" and that product was "natural,

---

[3] Plaintiffs' negligent-misrepresentation claim would also be barred by the economic-loss rule, which "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp*. 34 Cal.4th 979, 988 (2004). Negligent-misrepresentation claims based on alleged *affirmative* misrepresentations are not barred by the rule. *See Crystal Springs Upland School v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 969–70 (N.D. Cal. 2016) (citing cases and dismissing claim); *Lennar Mare Island, LLC v. Steadfast Ins. Co*., No. 2:12-cv-02182, 2016 WL 829210, at *6-9 (E.D. Cal. Mar. 3, 2016) (same). But as discussed above, Plaintiffs have not adequately alleged any such representations here.

safe, and pure" were sufficient). And again, Plaintiffs here have not alleged what statements or promises they themselves relied on, and so necessarily have not alleged facts showing their reliance, if any, was reasonable.

**IV.    Plaintiffs' implied-warranty claims fail.**

    **A.    The implied-warranty claim is barred for lack of privity.**

Under California law, "[a] lack of vertical privity requires the dismissal of [] implied warranty claims" brought under the Commercial Code. *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008). Plaintiffs do not allege privity. They do not allege they bought anything from Diamond nor do they allege any facts showing that retailers from whom they bought the dog food were Diamond's agents. SAC ¶¶ 18, 20. "[A]n end consumer … who buys from a retailer is not in privity with a manufacturer." *Clemens*, 534 F.3d at 1023; *see H.L. v. Wal-Mart Stores, Inc.*, No. 15-1056, 2015 WL 12743600, at *8 (C.D. Cal. Sept. 9, 2015) (holding that "privity exception based on representations appearing on labels … is not applicable to claims for breach of implied warranty.").

Again, the court in *Zeiger* reached a different result, but here it was simply wrong. *Zeiger*, 304 F. Supp. 3d at 854. Judge Orrick held that plaintiffs can avoid *Clemens* by simply alleging that they are the "intended third-party beneficiaries" of a manufacturer's warranty. *Id*. He recognized, however, that district courts in California have split on this issue. *Id*. (citing, *e.g.*, *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786-87 (N.D. Cal. 2017) and *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 983 (N.D. Cal. 2014)). Judge Orrick chose to follow the second line of cases, which reasons that *Clemens* did not specifically address the third-party beneficiary exception and so California plaintiffs remain free to assert it. *Id*. (relying on *MyFord Touch*). But it is hard to see how that is in accord with the rationale in *Clemens* itself, where the Ninth Circuit held in no uncertain terms that "[a]lthough the privity requirement in this context may well be an 'archaism,' it is nonetheless a rule 'painstakingly established' by the state courts" that a federal court may not discard. 534 F.3d at 1024; *see In re Seagate* at 787 (following *Clemens*). After all, if the *Zeiger/MyFord Touch* line of cases is correct, then *every* consumer is necessarily a third-party beneficiary of a manufacturer's warranty, and privity will *never* be required. That is hardly

consistent with the Ninth Circuit's holding in *Clemens* that "an end consumer … who buys from a retailer is not in privity with a manufacturer." *Clemens*, 534 F.3d at 1023. This Court should follow *Clemens*, *Seagate*, and similar cases, and hold that privity is required.

**B.      Plaintiffs fail to allege the dog food is not fit for its ordinary purpose.**

Even if privity were not an obstacle for the California claims, Plaintiffs simply have not alleged that Diamond breached the implied warranty of merchantability. That warranty is breached only if the product lacks "even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). A food product is fit for its ordinary purpose if it is fit for consumption. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908, 2014 WL 5872808, at *3 (N.D. Cal. Nov. 12, 2014). Here, while Plaintiffs allege that the dog food contains certain substances they believe should not, they do not allege any facts to support their repeated implications that it is actually "unsafe." Notably, neither plaintiff alleges that his pets suffered any harm even though they ate the food for two to four years. Their allegations that the dog food is somehow wholly unfit for its ordinary purpose because, at some unknown level of exposure over time, a dog might become ill are speculative at best. Their implied-warranty claims therefore fail for that reason as well.

**V.      Plaintiffs have not alleged any basis for equitable relief.**

Finally, if any of Plaintiffs' claims survived the above arguments, they would still have no basis for equitable relief, which they seek via the CLRA, FAL, UCL, and a general demand in the prayer for relief. SAC ¶¶ 134, 142, 150-151; *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL authorizes only equitable relief). "It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992). As the Ninth Circuit has held, plaintiffs are "required to plead the inadequacy of their legal remedies" to pursue equitable claims. *Philips v. Ford Motor Co.*, 726 F. App'x 608 (9th Cir. 2018). Here, assuming Plaintiffs could prevail on any of their legal claims, those legal remedies would fully compensate them. *See Fonseca v. Goya Foods, Inc.*, No. 14-02989, 2016 WL 4698942, at *7-8 (N.D. Cal. Sept. 8, 2016) (dismissing UCL and CLRA

injunctive-relief claim because other claims offered adequate remedy at law). Plaintiffs do not plead any facts showing their legal remedies would be inadequate.

Similarly, Plaintiffs do not allege facts supporting a claim for prospective injunctive relief. To state such a claim, they must plead facts showing they "face[ ] a real or immediate threat of an irreparable injury." *Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013). They allege only in a single sentence that "should Plaintiff Classick Jr. [or Grossman] encounter the Contaminated Dog Foods in the future, he could not rely on the truthfulness of the packaging, absent corrective changes ...." SAC ¶¶ 19, 21. That is not good enough. The Ninth Circuit has held that a consumer who is already aware of the alleged misrepresentations may still state a claim for injunctive relief by alleging that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson v. Kimberly-Clark*, 889 F.3d 956, 970–71 (9th Cir. 2018). But that obviously requires the consumer to allege that she does in fact want to buy the product in the future. *See, e.g.*, *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, (9th Cir. June 4, 2018) (affirming dismissal for failure to make this allegation); *Gonzales v. Uber Tech., Inc.*, No. 17-cv-02264-JSC, 2018 WL 3068248, at *2 (N.D. Cal. June 21, 2018) (dismissing where plaintiff had not alleged he intended to drive for company in the future). Here, Plaintiffs are willing to say only that "should [they] encounter" the dog food in the future, they "could not rely on the truthfulness of the packaging...." SAC ¶¶ 19, 21. Unless they are willing to allege that such an "encounter" would end in a sale, they cannot take advantage of *Davidson*.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims should be dismissed in their entirety. Because this is Plaintiffs' second amended complaint, the claims should be dismissed with prejudice.

Dated: November 20, 2018

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.

By: */s/ Amir M. Nassihi*
    AMIR M. NASSIHI
Attorneys for Defendant
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS  (also improperly
named as Diamond Pet Foods Inc.)