1  SHOOK HARDY & BACON L.L.P.
   AMIR NASSIHI (SBN 235936)
2  anassihi@shb.com
   One Montgomery, Suite 2600
3  San Francisco, CA 94104
   Telephone: 415.544.1900
4  Facsimile: 415.391.0281

5  SHOOK HARDY & BACON L.L.P.
   STEVEN D. SODEN (admitted *pro hac vice*)
6  ssoden@shb.com
   2555 Grand Boulevard
7  Kansas City, MO 64108
   Telephone: 816.474.6550
8  Facsimile: 816.421.5547

9  *Attorneys for Defendant*
   SCHELL & KAMPETER, INC. d/b/a
10 DIAMOND PET FOODS
   (also improperly named as Diamond Pet Foods Inc.)

11

12                  UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14 RICHARD DAVID CLASSICK, JR.,           Case No. 2:18-cv-02344-JAM-AC
   individually and on behalf of all others similarly
15 situated,

16             Plaintiff,                  **DEFENDANT'S NOTICE OF MOTION
                                           AND MOTION TO DISMISS PLAINTIFF'S
17 v.                                      THIRD AMENDED CLASS ACTION
                                           COMPLAINT IN PART**
18 SCHELL & KAMPETER, INC. d/b/a
   DIAMOND PET FOODS, and DIAMOND PET      Date:   July 16, 2019
19 FOODS INC.,                             Time:   1:30 p.m.
                                           Dept:   Courtroom 6, 14th Floor
20             Defendants.                 Judge:  Hon. John A. Mendez

21                                         Complaint Filed:
                                           August 28, 2018
22
                                           First Amended Complaint Filed:
23                                         September 5, 2018

24                                         Second Amended Complaint Filed:
                                           October 18, 2018
25
                                           Third Amended Complaint Filed:
26                                         April 9, 2019

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 16, 2019, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 6, of the U.S. District Court located at 501 I Street, Sacramento, CA 95814, Schell & Kampeter, Inc. d/b/a Diamond Pet Foods (also improperly named as Diamond Pet Foods Inc.) will and hereby does move the Court for an order dismissing Plaintiff's equitable claims with prejudice.

This Motion is made pursuant to Rule 12(b)(6) on the grounds that: Plaintiff has alleged no basis for equitable relief.

This Motion is made following several conferences of counsel pursuant to this Court's standing order, the most recent of which took place on May 6, 2019.  Prior conferrals took place in March 2019.

The Motion is based on this Notice, the Memorandum of Points and Authorities, the pleadings and documents on file, and such other evidence and argument as may be presented at the hearing on this Motion.

Dated: May 7, 2019

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.

By: */s/ Amir M. Nassihi*_____
    AMIR M. NASSIHI

Attorneys for Defendant
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS  (also improperly
named as Diamond Pet Foods Inc.)

SHOOK HARDY & BACON L.L.P.
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281

SHOOK HARDY & BACON L.L.P.
STEVEN D. SODEN (admitted *pro hac vice*)
ssoden@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547

*Attorneys for Defendant*
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS
(also improperly named as Diamond Pet Foods Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DAVID CLASSICK, JR., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC.,<br><br>        Defendants. | Case No. 2:18-cv-02344-JAM-AC<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT IN PART**<br><br>Date:  July 16, 2019<br>Time:  1:30 p.m.<br>Dept:  Courtroom 6, 14th Floor<br>Judge: Hon. John A. Mendez<br><br>Complaint Filed:<br>August 28, 2018<br><br>First Amended Complaint Filed:<br>September 5, 2018<br><br>Second Amended Complaint Filed:<br>October 18, 2018<br><br>Third Amended Complaint Filed:<br>April 9, 2019 |

1

## INTRODUCTION

2       Plaintiff Richard David Classick, Jr. amended his complaint in an effort to comply with the

3  Court's order to properly plead his equitable claims.   Plaintiff has failed to do so.   Accordingly,

4  because Plaintiff alleges no basis for equitable relief, his equitable claims should be dismissed.

5

## BACKGROUND

6       On March 21, 2019, this Court entered an order granting in part and denying in part

7  Defendant Schell & Kampeter, Inc., d/b/a Diamond Pet Foods' ("Diamond")[1] Motion to Dismiss

8  Plaintiffs' Second Amended Class Action Complaint.   ECF No. 23.   In relevant part, the Order

9  granted Diamond's Motion as to Plaintiff's claims for equitable remedies with leave to amend.  *Id.* at

10  18.

11

## LEGAL STANDARD

12      To survive a Rule 12(b)(6) motion, a complaint must allege facts setting forth a plausible

13  claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550

14  U.S. 544, 555 (2007). Labels, conclusions, blanket assertions, and recitations of a claim's legal

15  elements are not "facts" and need not be accepted as true. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550

16  U.S. at 555. It is not enough to allege facts "merely consistent with" liability. *Iqbal*, 556 U.S. at 678;

17  *Twombly*, 550 U.S. at 557. The facts must show a viable claim without speculation. *Svenson v.*

18  *Google, Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429, *2 (N.D. Cal. Apr. 1, 2015).

19

## ARGUMENT

20  **I.    Plaintiff has not alleged any basis for equitable relief.**

21      Plaintiff still has no basis for equitable relief, which he again seeks under the CLRA, FAL,

22  UCL and a general demand in the prayer for relief.  TAC ¶¶ 133, 141, 149-150; *see Korea Supply*

23  *Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL authorizes only equitable relief).

24  The Court dismissed Plaintiff's equitable remedy claims because (1) Plaintiff pled his theories for

25  equitable remedies and monetary relief jointly rather than as alternatives and (2) Plaintiff failed to

26

27  _____

28  [1] Schell & Kampeter, Inc. d/b/a Diamond Pet Foods was also improperly named as Diamond Pet Foods Inc.

allege that he "want[s]to purchase the product in the future." ECF No. 23 at 17. The TAC does not fix either deficiency.

First, alternative pleading is permitted, as this Court recognized in its Order, but "where [as here] an equitable relief claim relies upon the same factual predicate as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *Madrigal v. Hint, Inc.*, No. 17-02095-VAP, 2017 WL 6940533, at *4 (C.D. Cal. Dec. 14, 2017) (dismissing equitable-relief demands under the UCL and CLRA); *Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (same); *In re Ford Tailgate Litig.*, No. 11-cv-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (same). "It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992). As the Ninth Circuit has held, plaintiffs are "required to plead the inadequacy of their legal remedies" to pursue equitable claims. *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("The equitable remedies available under the [UCL] are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'") (internal citation omitted).

Here, Plaintiff seeks legal damages for negligent misrepresentation, breach of warranty and generally in his prayer for relief. *See, e.g.,* TAC ¶¶ 124, 163, PRAYER FOR RELIEF I. If he succeeds, legal remedies will compensate him for all his alleged harm. *See, e.g., Gardner v. Safeco Ins. Co. of Am.*, No. 14-02024, 2014 WL 2568895, at *7-8 (N.D. Cal. June 6, 2014) (holding contract remedy was adequate.). But Plaintiff does not allege any facts showing why his available legal remedy is inadequate with respect to his CLRA, FAL and UCL claims which are premised on the same facts. *See Philips*, 726 F. App'x at 609 (affirming dismissal of UCL and CLRA claims for equitable relief when the plaintiff had not alleged the inadequacy of legal remedies); *Gonzalez v. Ford Motor Co.*, No. CV 19-652 PA, 2019 WL 1364976, at *6 (C.D. Cal. Mar. 22, 2019) (dismissing UCL claim because it was based on the same conduct alleged to violate the Song-Beverly Act and thus an adequate legal remedy was available). Nor does Plaintiff's ultimate success (or failure) on those legal claims affect the analysis. "In the Ninth Circuit, the relevant test is

whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (citing *McKesson HBCO, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087 (9th Cir. 2003)); *see also Madrigal*, 2017 WL 6940534, at *5 ("[S]hould plaintiffs ultimately be unable to recover under either a contract or tort theory, it does not mean a legal remedy was unavailable, thereby justifying an equitable remedy, but only that their claim lacks merit") (quotations omitted)).  Therefore, Plaintiff's request for equitable relief should be dismissed, as the majority of district courts facing this issue have held.

Second, Plaintiff still has not alleged a desire to purchase the product in the future.  He alleges only that he "would purchase" the products again under certain conditions.  TAC ¶ 19.  That is not good enough even under *Davidson v Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018). *See, e.g., Lanovaz v. Twinings N. Am*., 726 F. App'x 590 (9th Cir. June 6, 2018) (applying *Davidson*; holding allegation that plaintiff "would 'consider buying'" product was not enough); *Rugg v. Johnson & Johnson*, 2018 WL 3023493, at *7 (N.D. Cal. June 18, 2018) (also rejecting "would consider" allegation).

Even if Plaintiff had alleged he desires to purchase the products again in the future, that would still not have been good enough without supporting facts, which he does not provide.  "Such 'some day' intentions—without any description of concrete plans or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (emphasis original). "Imminent" is an elastic term, but "[i]t has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control."  *Id*. at 565 n.2.  A "mere profession of … intent" is therefore not enough.  *Id*.  *Davidson* stretched the standing requirement about as far as it will go, but could not have stretched it further than *Lujan* allows.  Plaintiff's claim would fail, therefore, even if he *had* actually alleged an intent to purchase in the future.  *See, e.g. Levay v. AARP, Inc.*, No. 17-09041 DDP (PLAx), 2018 WL 3425014, at *3 (C.D. Cal. 2018) (applying *Davidson* and citing *Lujan*; holding that "a bare allegation of intent to purchase will not

do.”); *Beckman v. Wal-Mart Stores, Inc.*, No. 17-cv-02249-BAS-BLM, 2018 WL 2717659, at *3 (S.D. Cal. June 5, 2018) (dismissing because plaintiff did not allege facts necessary to support *Davidson* argument).  But he has not.  He alleges only that he would, under certain conditions, and that does not state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's equitable claims should be dismissed in their entirety. Because this is Plaintiff's third amended complaint, the claims should be dismissed with prejudice.

Dated: May 7, 2019

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.

By:  */s/ Amir M. Nassihi*
        AMIR M. NASSIHI

Attorneys for Defendant
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS  (also improperly
named as Diamond Pet Foods Inc.)

MEMORANDUM ISO MOTION TO DISMISS TAC
CASE NO. 2:18-CV-02344-JAM-AC