UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DAVID CLASSICK, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC.,<br><br>Defendants. | No. 2:18-cv-02344-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Richard David Classick, Jr. ("Mr. Classick" or "Plaintiff") brings this putative class action against Schell & Kampeter, Inc. d/b/a Diamond Pet Foods and Diamond Pet Foods Inc. (collectively "Diamond" or "Defendants") for damages sustained from purchasing, or overpaying to purchase, dog food allegedly containing undisclosed levels of heavy metals, BPA, pesticides, plasticizers, acrylamides, and other contaminants. Third Amended Compl. ("TAC"), ECF No. 24. Defendants move to dismiss Plaintiff's claims for equitable relief. Mot., ECF No. 27.

For the reasons set forth below, this Court GRANTS Defendants' motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

A recitation of the primary factual allegations in this case can be found in a prior Order issued by this Court and will not be repeated here. MTD SAC Order, ECF No. 23, at 2-4; Grossman v. Schell & Kampeter, Inc., No. 2:18-CV-02344-JAM-AC, 2019 WL 1298997, at *1-2 (E.D. Cal. Mar. 21, 2019) (granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint). In that order, and as relevant to this motion, this Court dismissed Plaintiff's claims for equitable relief, with leave to amend. Id. Accordingly, on April 9, 2019, Mr. Classick, the sole remaining named plaintiff, filed the Third Amended Complaint. TAC, ECF No. 24. Defendants move to dismiss the repleaded claims for equitable relief. Mot., ECF No. 27. Plaintiff opposes the motion. Opp'n, ECF No. 29.

## II. OPINION

Mr. Classick has failed to remedy the errors in pleading his claims for equitable relief. "It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992) (internal citations and quotations omitted). The TAC contains no allegation that Mr. Classick's remedies at law are inadequate,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 16, 2019.

2

nor an allegation that he will suffer irreparable harm.

A pleading may seek, under alternative theories, both monetary relief and equitable relief. Fed. R. Civ. P. 8(d). However, Mr. Classick does not plead his theories of relief, which rely upon the same factual predicates, as alternatives. See Madrigal v. Hint, Inc., No. 17-02095-VAP, 2017 WL 6940534, at *4-5 (C.D. Cal. Dec. 14, 2017) (holding that "legal and equitable claims based on the same factual predicates are not true alternative theories of relief but rather are duplicative.").

Thus, Plaintiff's claims for equitable relief are dismissed. Given this threshold failure to meet the pleading standard, this Court need not address the secondary issue of whether the claim for injunctive relief in particular is properly pleaded.

### III. ORDER

For the reasons set forth above, this Court GRANTS Defendants' Motion to Dismiss. ECF No. 27. Leave to amend having been previously granted, Plaintiff's claims for equitable relief, which he seeks under the CLRA, FAL, UCL, and as a general demand in the prayer for relief, are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: August 2, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE