SHOOK HARDY & BACON L.L.P.
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281

SHOOK HARDY & BACON L.L.P.
STEVEN D. SODEN (admitted *pro hac vice*)
ssoden@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547

*Attorneys for Defendant*
SCHELL & KAMPETER, INC. d/b/a
DIAMOND PET FOODS
(also improperly named as Diamond Pet Foods Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DAVID CLASSICK, JR., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC., <br><br> Defendants. | Case No. 2:18-cv-02344-JAM-AC <br><br> **DEFENDANT SCHELL & KAMPETER, INC. D/B/A DIAMOND PET FOODS' ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT** |

## DEFENDANT SCHELL & KAMPETER, INC. D/B/A DIAMOND PET FOODS' ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT

Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods ("Diamond") [1] hereby answers Plaintiff's Third Amended Class Action Complaint ("Complaint") as follows:

Diamond denies all allegations, including, without limitation, any allegations contained in the headings or subheadings, unless specifically admitted, and any factual averment admitted is admitted only as to the specific fact and not as to any conclusions, characterizations, implications, or speculation contained in the averment or in the Complaint as a whole.

1.     Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the same.

2.     Diamond admits that some consumers prefer foods, for themselves and their pets, with high quality ingredients.  Diamond lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as phrased in paragraph 2, and therefore, denies the same.

3.     Diamond admits that it knows that some consumers wish to purchase premium pet foods with high quality ingredients.  Diamond lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as phrased in paragraph 3, and therefore, denies the same.

4.     Diamond states that its statements, packaging, labeling, advertising, and marketing speak for themselves.  Diamond states that the remaining allegations, as phrased in paragraph 4, are vague and therefore the remaining allegations in paragraph 4 are denied.

5.     Diamond denies the allegations in paragraph 5.

6.     Diamond states that the statements made on any packaging speak for themselves.  Diamond denies all remaining allegations in paragraph 6.

---

[1] Schell & Kampeter, Inc. d/b/a Diamond Pet Foods was also improperly named as Diamond Pet Foods Inc.  Because of this, where the TAC states "Defendants" Diamond understands it to mean Schell & Kampeter, Inc. d/b/a Diamond Pet Foods and responds accordingly.

7.      Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the same.

8.      Diamond denies the allegations in paragraph 8.

9.      Diamond admits that some consumers rely on product information.  Diamond denies the remaining allegations in paragraph 9.

10.     Diamond denies the allegations in paragraph 10.

11.     Diamond denies the allegations in paragraph 11.

12.     Diamond denies the allegations in paragraph 12.

13.     Diamond denies the allegations in paragraph 13.

14.     Diamond denies the allegations in paragraph 14.

15.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claim is appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including but not limited to the requirements of Federal Rule of Civil Procedure 23.  Diamond denies all remaining allegations in paragraph 15.

16.     Paragraph 16 constitutes legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 16, and therefore, denies the same.

17.     Paragraph 17 constitutes legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 17, and therefore, denies the same.

18.     Diamond lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 18, and therefore, denies the same.  Diamond denies all allegations that assert or imply any misconduct by Diamond.

19.     Diamond denies the allegations in paragraph 19.

20.     Diamond admits it is formed in Missouri with its headquarters at 103 North Olive Street, Meta, Missouri.

21.     Diamond denies the allegations in paragraph 21.  As indicated in footnote one, Schell & Kampeter, Inc. d/b/a Diamond Pet Foods was also improperly named as Diamond Pet Foods Inc.

2

22.     Diamond admits that it produces products at facilities in Meta, Missouri; Gaston, South Carolina; Lathrop, California; and Ripon, California.  Diamond admits that it operates two manufacturing facilities in California and that it employs over 100 employees in California. Diamond admits that the Ripon facility sits on 150 acres which includes a mill tower, and pet food ingredient storage, but denies that the Ripon facility regularly produces Taste of the Wild® products.  Diamond admits that it is planning to expand the Ripon facility.  Diamond denies any remaining allegations.

23.     Diamond admits that it manufactures, markets, distributes, advertises and sells products under the Taste of the Wild®  brand name throughout the United States.  Diamond denies all remaining allegations in paragraph 23.

24.     Diamond acknowledges that the products named in Plaintiff's allegations are Taste of the Wild® Grain Free High Prairie Canine Formula Roasted Bison and Roasted Venison Dry Dog Food, Taste of the Wild® Prairie Puppy Formula Grain-Free, Taste of the Wild® Grain Free Pacific Stream Canine Formula Smoked Salmon Dry Dog Food, Taste of the Wild® Grain Free Southwest Canyon Canine Recipe with Wild Boar Dry Dog Food, and Taste of the Wild® Grain Free Southwest Canyon Canine Formula with Beef in Gravy Wet Dog Food.  Diamond denies the remaining allegations in paragraph 24.

25.     Diamond admits that it packages, labels, markets, advertises, formulates, manufactures, distributes and sells its products throughout the United States.  Diamond denies the remaining allegations in paragraph 25.

26.      Diamond admits that the statement "one of the fastest growing pet food manufacturers in the country" is on its website. Diamond admits that its products are advertised, and that its products are available in retail and online outlets.  Diamond denies the remaining allegations in paragraph 26.

27.     Diamond states that the statements made on any packaging or on its website speak for themselves.  Diamond otherwise denies the allegations in paragraph 27.

28.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 28.

29.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 29.

30.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 30.

31.     Diamond states that the statements on its website speak for themselves.  Diamond otherwise denies the allegations in paragraph 31.

32.     Diamond states that its packaging speaks for itself.  Diamond otherwise denies the allegations in paragraph 32.

33.     Diamond states that its packaging speaks for itself.  Diamond otherwise denies the allegations in paragraph 33.

34.     Diamond states that its packaging speaks for itself.  Diamond otherwise denies the allegations in paragraph 34.

35.     Diamond states that the statements on its website speak for themselves.  Diamond otherwise denies the allegations in paragraph 35.

36.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 36.

37.     Diamond states that the statements on its packaging and advertising of its products speak for themselves.  Diamond otherwise denies the allegations in paragraph 37.

38.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 38.

39.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 39.

40.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 40.

41.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 41.

42.     Diamond states that the statements made speak for themselves.  Diamond otherwise denies the allegations in paragraph 42.

43. Diamond denies the allegations in paragraph 43.

44. Diamond denies the allegations in paragraph 44.

45. Diamond denies the allegations in paragraph 45.

46. Diamond denies the allegations in paragraph 46.

47. Diamond denies the allegations in paragraph 47.

48. Diamond admits that some consumers rely on product information.  Diamond denies the remaining allegations in paragraph 48.

49. Diamond denies the allegations in paragraph 49 as phrased.

50. Diamond admits it advertises and markets its products to consumers to promote sales of its products.  Diamond lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 50, and therefore denies the same.

51. Diamond admits the Association of American Feed Control Officials ("AAFCO") provides guidelines concerning labeling and packaging of pet food.  Those guidelines speak for themselves.  Diamond denies the remaining allegations in paragraph 51 to the extent they are inconsistent with the foregoing.

52. Diamond states that AAFCO's statements speak for themselves.  Diamond denies the remaining allegations in paragraph 52 to the extent they are inconsistent with the foregoing.

53. Diamond states that the packaging speaks for itself.  Diamond denies the remaining allegations in paragraph 53.

54. Paragraph 54 constitutes legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations contained in paragraph 54.

55. Paragraph 55 constitutes legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations contained in paragraph 55.

56. Paragraph 56 constitutes legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations contained in paragraph 56.

57.     Paragraph 57 constitutes legal assertions and conclusions to which no response is required.   To the extent that a response is required, Diamond denies the allegations contained in paragraph 57.

58.     Diamond states that the allegations in paragraph 58 are not directed at Diamond, and as such, no response is required.   To the extent that a response is required, Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, therefore, denies the same.

59.     Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, denies the same.

60.     Diamond states that the quoted statements speak for themselves.   Diamond denies the remaining allegations in paragraph 60 to the extent they are inconsistent with the foregoing.

61.     Diamond states that the quoted statements speak for themselves.   Diamond denies the remaining allegations in paragraph 61 to the extent they are inconsistent with the foregoing.

62.     Diamond states that the quoted statements speak for themselves.   Diamond denies the remaining allegations in paragraph 62 to the extent they are inconsistent with the foregoing.

63.     Diamond states that the quoted statement speaks for itself.   Diamond denies the remaining allegations in paragraph 63 to the extent they are inconsistent with the foregoing.

64.     Diamond states that the quoted statement speaks for itself.   Diamond denies the remaining allegations in paragraph 64 to the extent they are inconsistent with the foregoing.

65.     Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations, as phrased, in paragraph 65 and, therefore, denies the same.

66.     Diamond denies the allegations in paragraph 66.

67.     Diamond denies the allegations, as phrased, in paragraph 67.

68.     Diamond denies the allegations, as phrased, in paragraph 68.

69.     Diamond denies the allegations, as phrased, in paragraph 69.

70.     Diamond denies the allegations, as phrased, in paragraph 70.

71.     Diamond denies the allegations, as phrased, in paragraph 71.

72.     Diamond lacks knowledge or information sufficient to form a belief as to the truth of

DEFENDANT'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
Case No.: 2:18-cv-02344-JAM-AC

1   the allegations in paragraph 72 relating to Flint, Michigan, and therefore denies the same.  Diamond

2   denies the remaining allegations contained in paragraph 72.

3       73.     Diamond admits that exposure to Mercury at certain levels can negatively impact a

4   dog's health but denies that such levels are found in its products.  Diamond denies the remaining

5   allegations, as phrased, in paragraph 73.

6       74.     Diamond admits that exposure to Cadmium at certain levels can negatively impact

7   certain animals' health but denies that such levels are found in its products.  Diamond states that the

8   determinations made by the U.S. Department of Health and Human Services and EPA speak for

9   themselves.  Diamond denies the remaining allegations, as phrased, in paragraph 74.

10      75.     Diamond admits that exposure to pesticides at certain levels can negatively impact

11  certain animals' health but denies that such levels are found in its products.  Diamond denies the

12  remaining allegations, as phrased, in paragraph 75.

13      76.     Diamond admits that exposure to plasticizers at certain levels can negatively impact

14  certain animals' health but denies that such levels are found in its products. Diamond states that the

15  quoted statements speak for themselves.  Diamond denies the remaining allegations, as phrased, in

16  paragraph 76.

17      77.     Diamond admits that exposure to acrylamide at certain levels can negatively impact

18  certain animals' health but denies that such levels are found in its products.  Diamond admits that the

19  EPA has set limits on the acceptable amount of acrylamide in drinking water.  Diamond states that

20  the conclusions of the Department of Health and Human Services, International Agency for

21  Research on Cancer, and EPA speak for themselves.  Diamond denies the remaining allegations, as

22  phrased, in paragraph 77.

23      78.     Diamond admits that exposure to BPA at certain levels can negatively impact certain

24  animals' health but denies that such levels are found in its products.  Diamond denies the remaining

25  allegations, as phrased, in paragraph 78.

26      79.     Diamond denies the allegations in paragraph 79.

27      80.     Diamond denies the allegations in paragraph 80.

28      81.     Diamond states that statements on its website speak for themselves.  Diamond denies

7

the remaining allegations in paragraph 81.

82.     Diamond denies the allegations in paragraph 82.

83.     Diamond denies the allegations in paragraph 83.

84.     Diamond denies the allegations in paragraph 84.

85.     Diamond states that the allegations in paragraph 85 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations.

86.     Diamond denies the allegations in paragraph 86.

87.     Diamond states that the allegations in paragraph 87 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations.

88.     Diamond states that the allegations in paragraph 88 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations.

89.     Diamond states that the allegations in paragraph 89 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations.

90.     Diamond denies the allegations in paragraph 90.

91.     Diamond denies the allegations in paragraph 91.

92.     Diamond states that the allegations in paragraph 92 are not directed at Diamond, and as such, no response is required.  To the extent that a response is required, Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies the same.

93.     Diamond states that the allegations in paragraph 93 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations.

94.     Diamond states that the allegations in paragraph 94 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond

1  denies the allegations.

2       95.    Diamond states that the allegations in paragraph 95 constitute legal assertions and

3  conclusions to which no response is required.  To the extent that a response is required, Diamond

4  denies the allegations.

5       96.    Diamond admits it markets its products.  Diamond denies the remaining allegations in

6  paragraph 96.

7       97.    Diamond admits it markets its products.  Diamond denies the remaining allegations in

8  paragraph 97.

9       98.    Diamond states that the allegations in paragraph 98 constitute legal assertions and

10  conclusions to which no response is required.  To the extent that a response is required, Diamond

11  denies the allegations.

12       99.    Diamond states that the allegations in paragraph 99 constitute legal assertions and

13  conclusions to which no response is required.  To the extent that a response is required, Diamond

14  denies the allegations.

15       100.   Diamond states that the allegations in paragraph 100 constitute legal assertions and

16  conclusions to which no response is required.  To the extent that a response is required, Diamond

17  denies the allegations.

18       101.   Diamond lacks knowledge or information sufficient to form a belief as to the truth of

19  the allegations in paragraph 101, and therefore denies the same.

20       102.   Diamond denies the allegations in paragraph 102.

21       103.   Diamond denies the allegations in paragraph 103.

22       104.   Diamond admits it markets its products.  Diamond denies the remaining allegations in

23  paragraph 104.

24       105.   Diamond denies the allegations in paragraph 105.

25       106.   Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but

26  it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can

27  meet the requirements necessary to certify a class, including, but not limited to, the requirements of

28  Federal Rule of Civil Procedure 23.  Diamond further denies, consistent with this Court's March 21,

2019 Order, that a nationwide class is appropriate or permissible.

107.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23.  Diamond denies the remaining allegations in paragraph 107.

108.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23.  Diamond denies the remaining allegations in paragraph 108.

109.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23.  Diamond denies the remaining allegations in paragraph 109.

110.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23.  Diamond states that the allegations in Paragraph 110 consitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in Paragraph 110.

111.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23.  Diamond states that the allegations in Paragraph 111 consitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in Paragraph 111.

112.     Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of

Federal Rule of Civil Procedure 23. Diamond states that the allegations in paragraph 112 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 112.

113. Diamond acknowledges that plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of plaintiff's claims are appropriate or permissible, or that plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23. Diamond states that the allegations in paragraph 113 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 113.

114. Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23. Diamond states that the allegations in paragraph 114 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 114.

115. Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23. Diamond states that the allegations in paragraph 115 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 115.

116. Diamond acknowledges that Plaintiff is attempting to bring a class action lawsuit, but it denies that class treatment of Plaintiff's claims are appropriate or permissible, or that Plaintiff can meet the requirements necessary to certify a class, including, but not limited to, the requirements of Federal Rule of Civil Procedure 23. Diamond states that the allegations in paragraph 116 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 116.

## COUNT I

### (Negligent Misrepresentation)

117.    Diamond incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

118.    Diamond states that the allegations in paragraph 118 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 118.

119.    Diamond states that the allegations in paragraph 119 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 119.

120.    Diamond states that the allegations in paragraph 120 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 120.

121.    Diamond states that the allegations in paragraph 121 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 121.

122.    Diamond denies the allegations in paragraph 122.

123.    Diamond denies the allegations in paragraph 123.

124.    Diamond denies the allegations in paragraph 124.

## COUNT II

### (Violations of the California Consumer Legal Remedies Act)

125.    Diamond incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

126.    Diamond states that the allegations in paragraph 126 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 126.

127.    Diamond states that the allegations in paragraph 127 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond

DEFENDANT'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
Case No.: 2:18-cv-02344-JAM-AC

1    denies the allegations in paragraph 127.

2        128.    Diamond states that the allegations in paragraph 128 constitute legal assertions and

3    conclusions to which no response is required.  To the extent that a response is required, Diamond

4    denies the allegations in paragraph 128.

5        129.    Diamond states that the allegations in paragraph 129 constitute legal assertions and

6    conclusions to which no response is required.  To the extent that a response is required, Diamond

7    denies the allegations in paragraph 129.

8        130.    Diamond states that the allegations in paragraph 130 constitute legal assertions and

9    conclusions to which no response is required.  To the extent that a response is required, Diamond

10    denies the allegations in paragraph 130.

11        131.    Diamond states that the allegations in paragraph 131 constitute legal assertions and

12    conclusions to which no response is required.  To the extent that a response is required, Diamond

13    denies the allegations in paragraph 131.

14        132.    Diamond admits that counsel for Plaintiff served a letter dated September 18, 2018.

15    Diamond denies the remaining allegations in paragraph 132.

16        133.    Diamond states that the allegations in paragraph 133 constitute legal assertions and

17    conclusions to which no response is required.  To the extent that a response is required, Diamond

18    denies the allegations in paragraph 133.

19        134.    Diamond acknowledges that Plaintiff seeks an award of attorneys' fees.  Diamond

20    denies that Plaintiff is entitled to an award of attorneys' fees.  Diamond states that it is entitled to

21    attorneys' fees pursuant to California Civil Code §1780(e).

22                                **COUNT III**

23                    **(Violations of the California False Advertising Law)**

24        135.    Diamond incorporates by reference its responses to the preceding paragraphs as if

25    fully set forth herein.

26        136.    Diamond states that the allegations in paragraph 136 constitute legal assertions and

27    conclusions to which no response is required.  To the extent that a response is required, Diamond

28    denies the allegations in paragraph 136.

1    137.    Diamond denies the allegations in paragraph 137.

2    138.    Diamond denies the allegations in paragraph 138.

3    139.    Diamond denies the allegations in paragraph 139.

4    140.    Diamond states that the allegations in paragraph 140 constitute legal assertions and
5    conclusions to which no response is required.  To the extent that a response is required, Diamond
6    denies the allegations in paragraph 140.

7    141.    Diamond states that the allegations in paragraph 141 constitute legal assertions and
8    conclusions to which no response is required.  To the extent that a response is required, Diamond
9    denies the allegations in paragraph 141.

10                                    **COUNT IV**

11                  **(Violations of the California Unfair Competition Law)**

12    142.     Diamond incorporates by reference its responses to the preceding paragraphs as if
13    fully set forth herein.

14    143.    Diamond states that the allegations in paragraph 143 constitute legal assertions and
15    conclusions to which no response is required.  To the extent that a response is required, Diamond
16    denies the allegations in paragraph 143.

17    144.    Diamond states that the allegations in paragraph 144 constitute legal assertions and
18    conclusions to which no response is required.  To the extent that a response is required, Diamond
19    denies the allegations in paragraph 144.

20    145.    Diamond states that the allegations in paragraph 145 constitute legal assertions and
21    conclusions to which no response is required.  To the extent that a response is required, Diamond
22    denies the allegations in paragraph 145.

23    146.    Diamond states that the allegations in paragraph 146 constitute legal assertions and
24    conclusions to which no response is required.  To the extent that a response is required, Diamond
25    denies the allegations in paragraph 146.

26    147.    Diamond states that the allegations in paragraph 147 constitute legal assertions and
27    conclusions to which no response is required.  To the extent that a response is required, Diamond
28    denies the allegations in paragraph 147.

148.    Diamond states that the allegations in paragraph 148 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 148.

149.    Diamond acknowledges that Plaintiff sought an order enjoining Diamond; however, Plaintiff's claims for equitable relief were dismissed with prejudice per this Court's order dated August 2, 2019.  Diamond states that the remaining allegations in paragraph 149 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 149.

150.    Diamond acknowledges that Plaintiff seeks an order for restitution.  Diamond states that the remaining allegations in paragraph 149 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 149.

## COUNT V

### (Breach of Express Warranty)

151.     Diamond incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

152.    Diamond states that the allegations in paragraph 152 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 152.

153.    Diamond states that the allegations in paragraph 153 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 153.

154.    Diamond states that the allegations in paragraph 154 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 154.

155.    Diamond states that the allegations in paragraph 155 constitute legal assertions and conclusions to which no response is required.   To the extent that a response is required, Diamond denies the allegations in paragraph 155.

156.    Diamond states that the allegations in paragraph 156 constitute legal assertions and conclusions to which no response is required.   To the extent that a response is required, Diamond denies the allegations in paragraph 156.

157.    Diamond denies the allegations in paragraph 157.

158.    Diamond denies the allegations in paragraph 158.

159.    Diamond denies the allegations in paragraph 159.

160.    Diamond states that the allegations in paragraph 160 constitute legal assertions and conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in paragraph 160.

161.    Diamond states that the allegations in paragraph 161 constitute legal assertions and conclusions to which no response is required.  To the extent that a response is required, Diamond denies the allegations in paragraph 161.

162.    Diamond denies the allegations in paragraph 162.

163.    Diamond acknowledges that Plaintiff seeks actual damages.  Diamond denies that Plaintiff is entitled to any damages.

## PRAYER FOR RELIEF

Diamond states that the Prayer for Relief constitutes legal assertions and conclusions to which no response is required. To the extent that responses are required, Diamond denies the allegations in Prayer for Relief. Diamond denies that plaintiff is entitled to any relief on any of the claims asserted in the complaint.

## AFFIRMATIVE DEFENSES

Diamond asserts the following affirmative defenses applicable to Plaintiff and to the putative classes:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each and every purported cause of action, fails to state a claim upon which relief can be granted.

16

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Free Speech and Due Process)**

3      Plaintiff's claims are barred in whole or in part by Diamond's free speech guarantees of the

4 First Amendment and the Due Process Clause of the Fourteenth Amendment to the United States

5 Constitution.

6

**THIRD AFFIRMATIVE DEFENSE**

7

**(No Standing)**

8      Plaintiff's claims and the claims of the putative class members are barred, in whole or in

9 part, because Plaintiff and the putative class members lack standing to sue as they have not

10 suffered any injury in fact, nor are they threatened with any future injury in fact.

11

**FOURTH AFFIRMATIVE DEFENSE**

12

**(Nonexistent and/or Speculative Damages)**

13      Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the

14 putative class were not damaged by any act or omission of Diamond.  Further, any damages sought

15 by Plaintiff and members of the putative class are speculative, uncertain, remote, and/or incapable

16 of calculation.

17

**FIFTH AFFIRMATIVE DEFENSE**

18

**(Statute of Limitations)**

19      Plaintiff's Complaint and each and every cause of action alleged therein that accrued prior

20 to the filing of the Complaint by more than the applicable statute of limitations period (including

21 but not limited to Cal. Civ. Code § 1783, Cal. Code Civ. Proc. §§ 338(a) and 338(d), and/or Cal.

22 Bus. & Prof. Code § 17208), are time-barred.

23

**SIXTH AFFIRMATIVE DEFENSE**

24

**(Adequate Remedy at Law)**

25      Plaintiff and the putative class members' claims for injunctive, restitutionary and/or

26 equitable relief are barred to the extent there is, or Plaintiff asserts that there is, an adequate

27 remedy at law for any injury suffered.

28

**SEVENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Unlawful, Unfair, Fraudulent or Deceptive)**

No labels for Diamond's products contain or contained any false or misleading statement or promises or promised any goods not intended to be delivered. As such, the product labels are not, and were not, deceptive, false, misleading, fraudulent, unlawful, and/or unfair, and were not intended to mislead or deceive consumers.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Scienter/Knowledge of Falsity)**

Plaintiff's Complaint and each and every cause of action alleged therein pleaded in reliance upon fraud theories are barred because Diamond did not know, nor should it reasonably have known, that any label, marketing or advertising was false or misleading, and Diamond had no intent not to sell the product as advertised.

**NINTH AFFIRMATIVE DEFENSE**

**(No Violation of Consumer Protection Laws)**

Plaintiff's claims, and those of some or all of the putative classes, for alleged violations of California consumer protection laws are barred because: (a) there is no reliance on an alleged misrepresentation or omission leading to a product purchase and subsequent loss; (b) there is no causal link between the alleged misrepresentation or omission and a resulting loss; (c) the information allegedly concealed is not the kind of information required to be disclosed under the applicable consumer protection acts; and/or (d) some or all of these statutes do not apply to actions authorized by a federal agency.

**TENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor Doctrine)**

The claims under California law are barred by the Safe Harbor doctrine because Diamond's alleged actions, at all relevant times and places, were in compliance with applicable laws. Diamond is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

DEFENDANT'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
Case No.: 2:18-cv-02344-JAM-AC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment and Contribution)

Diamond is entitled to indemnification by apportionment against and/or contribution from all other persons whose negligence or other conduct proximately caused or contributed to the injuries of Plaintiff and/or any putative class member, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Materiality)

Plaintiff and the putative class members are precluded from recovery because the representations, actions, or omissions alleged were and are not material to decisions to purchase the Products.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

Plaintiff's Complaint and each cause of action therein are barred because Plaintiff and his attorneys have failed to join all parties involved in the acts and/or omissions described in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

Plaintiff's Complaint and each cause of action therein are barred, in whole or in part, by the doctrines of estoppel and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment)

Plaintiffs' Complaint and each and every cause of action alleged therein are barred because Diamond's actions were reasonable exercises of business judgment, not forbidden by law, and which were undertaken in a permissible way and in good faith belief that such actions and conduct were lawful and valid.

## SIXTEENTH AFFIRMATIVE DEFNSE

### (Punitive Damages Unconstitutional)

To the extent that Plaintiff or the putative class seek punitive damages for an alleged act or

omission of Diamond, any award of punitive damages is barred under the relevant state law.  An award of punitive damages would also, if granted, violate Diamond's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

Plaintiff's Complaint and each cause of action therein are barred by or subject to the doctrine of setoff and recoupment to the full extent that Plaintiff and/or members of the putative class received a benefit from their purchase of the product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Laches and Unclean Hands)

Plaintiff and putative class members' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Cal. Civil Code § 1780(e))

Diamond is entitled to attorneys' fees pursuant to California Civil Code section 1780(e).

### ADDITIONAL AFFIRMATIVE DEFENSES

Diamond denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiff and/or the putative classes. It is not necessary at this time for Diamond to delineate such defenses against the putative classes because no class or classes have been certified, and the putative class members are not parties to this litigation. Diamond has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. Diamond has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.

20

Diamond further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## **PRAYER**

WHEREFORE, Diamond hereby prays for judgment against Plaintiff as follows:

1. That this Court deny every item of relief requested in the Complaint.

2. That this Court finds that this action cannot be maintained as a class action.

3. That Plaintiff and members of the putative class take nothing by Plaintiff's Complaint.

4. That judgment on the Complaint be entered in favor of Diamond.

5. That Diamond be awarded its costs in this action and attorneys' fees as may be permitted by law.

6. And for such other and further relief as this Court may deem proper.

7. Diamond hereby demands a trial by jury.


Dated:  August 30, 2019                                  Respectfully submitted,

                                                         SHOOK, HARDY & BACON L.L.P.


                                                         By:  */s/ Amir Nassihi*
                                                                     Amir Nassihi

                                                         Attorney for Defendant
                                                         SCHELL & KAMPETER, INC. d/b/a
                                                         DIAMOND PET FOODS (also
                                                         improperly named as Diamond Pet
                                                         Foods Inc.)