LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com

Attorneys for Plaintiff

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DAVID CLASSICK, JR. Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, and DIAMOND PET FOODS INC.,<br><br>Defendants. | Case No. 2:18-cv-02344-JAM-AC<br><br><u>CLASS ACTION</u><br><br>**STATUS REPORT**<br>**& RULE 26(f) REPORT** |

STATUS REPORT & 26(f) REPORT

Plaintiff Richard David E. Classick and Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods[1] jointly submit this Updated Joint Status Report and 26(f) Report pursuant to the Order Requiring Joint Status Report entered on August 28, 2018 (Dkt. 3) and the Stipulation and Order to File Third Amended Complaint and Set Motion to Dismiss Briefing Schedule (Dkt. 26). Defendant filed an answer to the Third Amended Class Action Complaint ("TAC") on August 30, 2019 (Dkt. 35). The parties completed the conference required by Rule 26(f) of the Federal Rules of Civil Procedure on September 4, 2019.

### A. The Nature of the Case.

Plaintiff Richard David Classick, Jr. ("Plaintiff") brings this putative class action against Defendant SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS (also improperly named as Diamond Pet Foods Inc.) ("Defendant") (collectively "Parties") based on damages they allegedly sustained due to the purchase of the contaminated dog foods allegedly containing undisclosed levels of heavy metals, BPA, pesticides and/or acrylamides. In his Third Amended Complaint, Plaintiff brings five causes of action against Defendant: (1) negligent misrepresentation; (2) violations of the California Consumer Legal Remedies Act; (3) violations of the California False Advertising Law; (4) violations of the California Unfair Competition Law; and (5) breach of express warranty.

Defendant denies Plaintiff's claims. Following this Court's March 21, 2019 and August 2, 2019 orders on Defendant's motions to dismiss: (1) the Court determined that Plaintiff's allegations sufficiently complied with the pleading standards of Rule 9(b); (2) the alleged misrepresentations from the packaging "go beyond mere puffery, into assertions of fact"; (3) the Court denied Defendant's motion to dismiss Plaintiffs' fraud and consumer-protection claims with respect to

---

[1] Schell & Kampeter, Inc. d/b/a Diamond Pet Foods was also improperly named as Diamond Pet Foods Inc.

alleged omissions, finding that "Plaintiffs adequately allege, and Diamond does not seem to refute, that the presence of the alleged contaminants in the products would be material"; (4) the Court was not persuaded that the economic loss rule required Plaintiffs' negligent misrepresentation be dismissed; (5) the Court denied Defendant's motion to dismiss as to Plaintiffs' First, Second, Third, Fourth, and Fifth Causes of Action with respect to alleged omissions or affirmative misstatements appearing on the products' packaging or websites of purchase; (6) Plaintiff's First, Second, Third, Fourth and Fifth causes of action with respect to alleged affirmative misstatements other than those appearing on the products' packaging or websites of purchase were dismissed; (7) Plaintiff's Sixth cause of action for breach of implied warranty was dismissed; (8) Plaintiff's claims for equitable remedies which Plaintiff sought under the CLRA, FAL, UCL, and as a general demand in the prayer for relief were dismissed; and (9) the Court advised that "given Diamond's compelling arguments, Plaintiffs may wish to reconsider nationwide class claims." ECF 23 at 8:27-28.

### B. Progress in the Service of Process.

Plaintiff has served Defendant.

### C. Possible Joinder of Additional Parties.

None at this time.

### D. Any Expected or Desired Amendment of Pleadings.

None at this time.

### E. Jurisdiction and Venue.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act. Defendant's position is that the Court lacks personal jurisdiction for purposes of out- of-state claims against Defendant.

**F.     Anticipated Motions and the Scheduling of Motions.**

The parties anticipate filing class certification related briefing, dispositive motions, including motions for summary judgment, and *Daubert* motions.

**G.     Status of Discovery and Discovery Schedule.**

    **1.     Initial Disclosures**

Pursuant to the parties' conferrals on discovery, Plaintiff's initial disclosures were served on April 17, 2019 and Defendant's initial disclosures were served on April 19, 2019.

    **2.     Exchange of Discovery and Deadlines**

PLAINTIFF STATEMENT:

In order to facilitate the early exchange of discovery pursuant to Rule 26(d)(2), Plaintiff's First Request for Production of Documents to Defendant was served on October 24, 2018, and Plaintiff's Second Request for Production of Documents to Defendant was served on April 18, 2019.  Plaintiff has since served a Third Request for Production of Documents on September 16, 2019.  Defendant's First Set of Requests for Production to Plaintiff was served on August 26, 2019. Defendant's First Set of Special Interrogatories and Second Set of Requests for Production to Plaintiff were served on September 4, 2019.

The Parties Rule 26(f) conference took place on September 4, 2019, wherein Defendant requested an extension until October 18, 2019, to respond to Plaintiff's requests First and Second Request for Production.  Plaintiff agreed to Defendant's request and Defendant reciprocated by extending the time for Plaintiff to respond to their requests until October 18, 2019.

DEFENDANT'S STATEMENT:

Defendant propounded its First Set of Requests for Production to Plaintiff on August 26, 2019 to facilitate, if needed, focused discussion during the Rule 26(f) conference consistent with the underlying purpose of Rule 26(d)(2)'s relaxation of

the discovery moratorium. *See e.g.* Comments to 2015 Amendment to Rule 26 ("Discussion at the conference may produce changes in the requests. The opportunity for advance scrutiny of requests delivered before the Rule 26(f) conference should not affect a decision whether to allow additional time to respond.")  Those requests were deemed served on September 4, 2019.  Plaintiff served its Third Request for Production of Documents on September 16, 2019. Defendant's responses to Plaintiffs' First and Second Request for Production of Documents are due on October 18, 2019.

### 3. ESI and Protective Orders

PLAINTIFF STATEMENT:

The deadline to amend the pleadings should be set at 45 days from the close of fact discovery in order to provide Plaintiff the opportunity to file an amended complaint conforming the pleadings to the evidence. The parties are currently in the process of negotiating the terms and filing of proposed protective and ESI Orders. Plaintiff's counsel sent Defendant's counsel drafts of proposed Protective and ESI Orders on April 18, 2019. Thereafter, Plaintiff's counsel made repeated efforts to follow-up with Defendant's counsel regarding the proposed orders and any potential revisions, but did not hear from Defendant's counsel until the issue was raised again during the meet and confer conference several months later.  Defendant's counsel then requested more time to get back to Plaintiff's counsel with their position and proposed revisions. As of the filing of this report, Defendant has yet to get back to Plaintiff's counsel regarding approval or proposed revisions to the protective order.

Further, Defendant has rejected Plaintiff's attempts to collaborate on a mutually agreeable proposed ESI order, and instead assert that they do not believe an ESI Order is necessary at this time.  Plaintiff disagrees with Defendant's position, and believes an ESI order (which is common practice) should be filed as soon as possible in light anticipated large document productions in the near future and

unnecessary issues and waste of time among the parties and Court that might arise without the filing of an ESI order. Plaintiff's counsel has explained to Defendant's counsel the importance of an ESI order, including, for example, that how documents are produced (such as the metadata provided), is critical to Plaintiff's counsel's ability to analyze the evidence and can impact whether documents can be properly uploaded and reviewed. If the parties are unable to reach a mutual agreement, Plaintiff will seek the Court's intervention to enter such an order.

DEFENDANT'S STATEMENT:

The pleadings closed in this matter on August 30, 2019. The deadline to amend the pleadings should be set at September 30, 2019. By agreement of Parties, completion of the Rule 26(f) conference and commencement of written discovery was set for September 4, 2019. Defendant is working with Plaintiff counsel on the draft proposed protective order. On an ESI order, Plaintiff counsel is yet to provide details of why an ESI Order is necessary, required, or helpful. Plaintiff's California counsel has been unable to provide examples of a single other class action they handled in this District that they were involved in where an ESI order was entered and was in any way helpful to the litigation. Indeed, in recent years, ESI orders have become exceedingly rare in class actions in California. Defendant has advised Plaintiff that it believes the parties can work cooperatively without an ESI Order at this early stage and has offered to meet and confer and agree to an ESI Order should one become necessary. Plaintiff declined Defendant's offer.

**4.  Amount of Discovery**

PLAINTIFF STATEMENT:

Plaintiff requests, at this time, to be permitted to conduct eighteen (18) depositions per side, fifty-two (52) written interrogatories, and twenty-five (25) requests for admission under Rule 36 of the Federal Rules of Civil Procedure.

Plaintiff also requests to meet and confer as to whether additional depositions and/or written discovery is required based on any evidence later produced.

Previously, in the May 29, 2019 Updated Joint Status Report, the parties agreed that no changes to the limitations on discovery permitted under the federal rules were needed "**[a]t this time**."  Since then, on August 2, 2019, the Court issued its order on Defendant's Motion to Dismiss the Second Amended Complaint, confirming the scope of this action.  Now that this action has progressed past the pleading stage, and Plaintiff's counsel has had the opportunity to assess the complexity and needs of this litigation, Plaintiff's counsel believes additional discovery is needed.   For instance, Defendant is a large corporation with five manufacturing facilities across the United States, and undoubtedly numerous employees and departments.  Additionally, sourcing, manufacturing, supplier approval, testing, marketing, and consumer contact for such a large corporation entails a certain level of complexity.  Defendant's initial disclosures, alone, identify five separate potential Defendant deponents who possess discoverable information regarding manufacturing and testing of the products at issue, ingredient suppliers and ingredients used in the products at issue, product and ingredient testing, quality control procedures, testing protocols for ingredients and finished products, food safety of the products at issue and ingredients used in the products at issue, and marketing and promotional issues. Defendant's initial disclosures also identify fourteen different categories of documents relevant to this litigation.  This does not take into account additional employees with highly relevant information that Plaintiff's counsel will identify during the review of discovery, or additional categories of information Plaintiff seeks.

DEFENDANT'S STATEMENT:

Parties reached express agreement in May of this year, following the exchange of initial disclosures, that at this time there should be no changes to the limitations

- 6 -

STATUS REPORT & 26(f) REPORT

on discovery permitted under the federal rules. This was memorialized in the May 29, 2019 Updated Joint Status Report (ECF 28) stating that "at this time, the parties do not believe that this litigation currently merits any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure." The only change this litigation has seen since that agreement is that the claims and case have narrowed. *See* ECF 32 (dismissing claims for equitable relief which Plaintiff sought under the CLRA, FAL, UCL, and as a general demand in the prayer for relief). Indeed, Plaintiff counsel has been unable to articulate any specific reason for their sudden change in position and request to dramatically expand discovery.

Defendant does not believe a change regarding the limitations on discovery imposed under the Federal Rules of Civil Procedure is necessary. If the need arises, Defendant agrees to meet and confer regarding any necessary alterations.

**H.    Case Schedule**

As reported in the parties' May 29, 2019 Updated Joint Status Report (ECF 28), the parties propose that expert disclosures and discovery be tied to briefing on class certification. To ensure sufficient time for expert disclosure and discovery to occur, the parties propose the following schedule for class certification briefing:

| Event | Proposed Deadline |
|---|---|
| Deadline to file Motion for Class Certification and serve Plaintiff's expert disclosures and reports | July 17, 2020 |
| Fact discovery cut-off | August 17, 2020 |
| Deadline for Plaintiff to produce experts for deposition | September 1, 2020 |
| Deadline to amend pleadings | Plaintiff proposes October 1, 2020<br><br>Defendant proposes September 30, 2019 |

- 7 -
STATUS REPORT & 26(f) REPORT

| | |
|---|---|
| Deadline to file opposition to Motion for Class Certification and serve Defendant's expert disclosures and reports | October 6, 2020 |
| Deadline for Defendant to produce experts for deposition | November 3, 2020 |
| Deadline to file reply regarding Motion for Class Certification | November 24, 2020 |
| Class Certification Hearing | December 15, 2020 |

**I.     Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial.**

Within 14 days of this Court's ruling on Plaintiff's motion for class certification, the parties will agree upon a schedule for future proceedings and will submit a further updated Joint Status Report.

**J.     Whether a settlement conference should be scheduled.**

The parties agree that a settlement conference is premature at this juncture.

**K.     Any other matters that may add to the just and expeditious disposition of this matter.**

None.

Dated: September 18, 2019

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Robert K. Shelquist
Rebecca A. Peterson (241858)

By: s/ Rebecca A. Peterson
Rebecca A. Peterson, #392663
100 South Washington Ave., Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
E-mail: rkshelquist@locklaw.com
rapeterson@locklaw.com

LITE DEPALMA GREENBERG, LLC
Joseph DePalma
Steven J. Greenfogel
Susana Cruz-Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
sgreenfogel@litedepalma.com
scruzhodge@litedepalma.com

GUSTAFSON GLUEK PLLC
Daniel E. Gustafson,
Karla M. Gluek
Raina C. Borrelli
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
rborrelli@gustafsongluek.com

ROBBINS ARROYO LLP
Kevin A. Seely
Steven M. McKany
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: kseely@robbinsarroyo.com
smckany@robbinsarroyo.com

CUNEO GILBERT & LADUCA, LLP
Charles Laduca
Katherine Van Dyck
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
E-mail: charles@cuneolaw.com
kvandyck@cuneolaw.com

Attorneys for Plaintiff

Dated: September 18, 2019

SHOOK HARDY & BACON L.L.P.
AMIR NASSIHI (SBN 235936)

By: s/ Amir Nassihi
AMIR NASSIHI

One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281
E-mail: anassihi@shb.com

|   |   |
|---|---|
| 1 | SHOOK HARDY & BACON L.L.P. |
| 2 | STEVEN D. SODEN (*admitted pro hac vice*) |
|   | 2555 Grand Boulevard |
| 3 | Kansas City, MO 64108 |
|   | Telephone: 816.474.6550 |
| 4 | Facsimile: 816.421.5547 |
|   | E-mail: ssoden@shb.com |

Attorneys for Defendant SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS (also improperly named as Diamond Pet Foods Inc.)

- 10 -

STATUS REPORT & 26(f) REPORT